BRUCE A. HARLAND, Bar No. 230477
MANUEL A. BOIGUES, Bar No. 248990
JORDAN D. MAZUR, Bar No. 257899
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023
Email: bharland@unioncounsel.net
       mboigues@unioncounsel.net
       courtnotices@unioncounsel.net

Attorneys for Plaintiff

DANIEL T. BERKLEY, Bar No. 050111
BRIAN P. MASCHLER, Bar No. 111824
GORDON & REES, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone 415.986.5900
Fax 415.986.8054
Email: dberkley@gordonrees.com
       bmaschler@gordonrees.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SEIU UNITED HEALTHCARE WORKERS - WEST,<br><br>Plaintiff,<br><br>vs.<br><br>PREMA THEKKEK; ANTHONY THEKKEK; REGINA RAJ; HCRC, INC.; OAKRHEEM, INC.; and DOES 1-25,<br><br>Defendants. | CASE NO. C11-00834 JSW<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; [PROPOSED] ORDER**<br>DENYING STIPULATION WITHOUT PREJUDICE |

WHEREAS, the parties to this stipulation desire to protect material entitled to be kept confidential, ensure that protection is only afforded to material so entitled, and facilitate the prompt resolution of disputes over confidentiality.

NOW THEREFORE, it is hereby stipulated by and between Plaintiff SEIU United Healthcare Workers - West ("Plaintiff") by and through its attorneys of record, and Defendants Prema Thekkek, Anthony Thekkek, Regina Raj, HCRC, Inc., and Oakrheem, Inc. ("Defendants"), subject to the approval of the Judge, as follows:

1. <u>Nondisclosure of Confidential Documents</u>: Except with the prior written consent of the party or other person originally designating a document (as hereafter defined) as confidential or as permitted by the terms of this order, no confidential document (as hereafter defined) shall be disclosed to any person.

2. A "confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in such a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information that has not been made public and which concerns or relates to trade secrets or other confidential research or development, the processes, operations, type of work, or amount or source of income, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. As used herein, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded protection as confidential documents, but, to the extent feasible, shall be prepared in such a manner that portions containing confidential information are bound separately from portions not entitled to protection.

3. <u>Permissible Disclosure of Confidential Documents</u>. Notwithstanding paragraph 1, confidential documents may be disclosed to counsel of record for the parties in this action who

-1-
STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; [PROPOSED] ORDER
CASE NO. C11-00834 JSW

are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to reputable outside duplicating services known to and generally used by counsel of record; to persons with prior knowledge of the documents or the confidential information contained therein; and to mutually agreed-upon mediators who may become involved in this litigation. Such documents may also be disclosed:

    (a)    To the parties to this action;

    (b)    To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    (c)    To consultants or experts retained for the purpose of assisting counsel in the litigation and/or providing expert testimony, provided that in all such cases (i) the party retaining said expert or consultant shall disclose the identity of any such experts or consultants before showing said individual information that is designated confidential, and (ii) the non-retaining party does not object to said individual within ten days of disclosure, and (iii) individual to whom disclosure is to be made has executed an undertaking in the form annexed hereto as Exhibit A; and

    (d)    To non-party witnesses called to testify or whom counsel of record reasonably anticipate may testify at trial and/or in deposition provided, however, that the same procedures set forth in subparagraphs 3(c) and 4 herein, shall be followed with respect to non-party witnesses other than former employees of Defendants.

4. If the non-retaining party objects to an expert or consultant retained by the other party, the non-retaining party shall move the Court for a protective order to prevent disclosure of any confidential information to the individual designated within ten days after serving any objection on the retaining party, noticing said motion pursuant to the Civil Local Rules of this Court.

5. <u>Challenges To and Removal of Confidential Designation</u>. Nothing in this

Stipulation and Order shall preclude any party from challenging a designation of any information or material as "confidential" by any other party. If designated by a party as "confidential," information and material will be so treated for all purposes, and shall continue to be treated as confidential unless and until the Court rules to the contrary. Any party may challenge or object to the designation as "confidential" of any information and material and/or seek removal of particular items of confidential information from this Order by giving counsel for all other parties written notice of his/her/its objection to the "confidential" designation, which notice shall contain and be supported by reasons for the objection, and specify the items of confidential information and material related to the objection. The written notice shall have attached a copy of such designated material or shall identify each subject document by production number or deposition by page number and shall (a) state that the receiving party objects to the designation, and (b) set forth the particular reasons for such objection. Counsel for the producing party shall then initiate a conference in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days of the date of service of the objection, the producing party may make a motion to the Court, subject to the rules applicable to motions generally, for a ruling on whether the materials at issue are properly designated as confidential. While any such motion is pending, the documents and/or materials subject to that motion will remain confidential until the Court rules on the motion. No party to the action shall be deemed by treating information and/or material as confidential to have conceded that the information actually is confidential. The party having made the designation shall have the burden of showing good cause for the document to have such protection.

6. <u>Use of Confidential Documents</u>. Confidential documents shall only be used for the preparation and trial of this litigation (including appeals and retrials), settlement and mediation discussions and for no other purpose, except that confidential documents may be used in other litigation between the parties as required to determine the preclusive effect of any judgment entered in this case.

7. <u>Depositions</u>. Parties and deponents may designated pages of a deposition

transcript as confidential by statement on the record at the time the deposition is taken or within the time period for execution of the deposition transcript. Deposition exhibits may be designated as confidential by marking them in the same manner as any other document and serving them in the time and manner set forth in this paragraph.

      8.    <u>Filing Confidential Under Seal</u>. In the event any party wishes to file with the Court for any purpose any document, transcript, or thing containing information which has been designated confidential, the proponent shall give five days' advance notice to counsel for the party that designated the document as confidential. On motion of the party that so designated the documents, the Court shall determine what protection, if any, shall be afforded the document at trial or hearing. The Court shall also determine whether and how such documents shall be filed under seal.

      9.    <u>Trial and Pre-Trial Hearings</u>. Confidential documents may be used at the trial (or other hearing) and received in evidence subject to the Rules of Evidence, provided that the proponent gives five days' advance notice to counsel for the party that designated the document as confidential. On motion of the party that so designated the documents, the Court shall determine what protection, if any, shall be afforded the document at trial or hearing.

      10.    <u>Nontermination and Disposition of Confidential Documents</u>. Within 90 days after the conclusion of this litigation by judgment or otherwise (including any post-trial motions and/or appeal(s), all documents so designated shall be returned to the producing party along with all copies thereof; except that lead counsel may retain one copy of all produced documents, discovery responses, and deposition transcripts and exhibits. Lead counsel for each party may also keep one complete set of pleadings and papers filed under seal in accordance with paragraph 6 hereof; al express copies, and all copies in the possession of other counsel of record, shall be returned or destroyed. Counsel may stipulate, in writing, to the destruction of any documents or categories of documents in lieu of their return.

      All documents prepared by attorneys, or by consultants or experts designated as provided in paragraph 2(b) hereof, that contain summaries, abstracts, or quotations of or from confidential shall, after the conclusion of this litigation, either be kept within the internal files of

counsel for the party creating such documents or destroyed.

This protective order shall survive the final termination of this case in accordance with the terms hereof.

11. <u>Modification</u>. Nothing herein shall prevent any party from seeking modification of this protective order for good cause shown, or from objecting to discovery that is otherwise improper. In addition, this Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: March 7, 2012          WEINBERG, ROGER & ROSENFELD

By:  /s/ Jordan D. Mazur
    JORDAN D. MAZUR
Attorneys for Plaintiff
SEIU UNITED HEALTHCARE WORKERS - WEST

Dated: March 7, 2012          GORDON & REES LLP

By:/s/ Brian P. Maschler
    Brian P. Maschler
Attorneys for Defendants
PREMA THEKKEK; ANTHONY THEKKEK;
REGINA RAJ; HCRC, INC.; OAKRHEEM, INC.

The parties failed to specify that any requests to file documents under seal shall comply with ~~IT IS SO ORDERED.~~ Northern District Civil Rule 79-5. Therefore, the Court DENIES the parties' stipulation without prejudice. IT IS SO ORDERED.

Dated: March 8, 2012          /s/ Jeffrey S. White
Honorable Jeffrey S. White
United States District Court Judge

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

OHCH/1069021/11863262v.1

-5-

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS; [PROPOSED] ORDER
CASE NO. C11-00834 JSW

## ATTACHMENT A

## ACKNOWLEDGEMENT

I, the undersigned, have read and understand the Stipulated Protective Order entered into in the matter of *SEIU United Healthcare Workers - West v. Prema Thekkek, et al,* United States District Court, Northern District, Case No. C11-00834 JSW. By signing this Acknowledgement, I agree to abide and be bound by the terms of the Stipulated Protective Order.

Dated:_____

_____
[signature]

_____
[print name]